NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JALMALDA D. REDISH, | : | **Hon. Robert B. Kugler** |
| | : | |
| Petitioner, | : | Civil No. 09-0352 (RBK)) |
| | : | |
| v. | : | |
| | : | |
| J. GRONDOLSKY, Warden, | : | **OPINION** |
| | : | |
| Respondent. | : | |

APPEARANCES:

> JALMALDA D. REDISH, #03870-007
> F.C.I. Fort Dix
> P.O. Box 2000
> Fort Dix, New Jersey  08640
> Petitioner Pro Se

**KUGLER**, District Judge:

Jalmalda D. Redish, a sentenced prisoner confined at the Federal Correctional Institution ("FCI") at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the inadequacy of the prison law library.  This Court will summarily dismiss the Petition, without prejudice to any right Petitioner may have to assert his claims in a properly filed action of the kind authorized by Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

## I.   BACKGROUND

Petitioner asserts that he is a District of Columbia sentenced prisoner.  His projected release date is August 16, 2020.  See BOP Inmate Locator, http://www.bop.gov/iloc2/ InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&ID Type=IRN&IDNumber=03870-007&x=62&y=9 (last accessed Feb. 9, 2009).  Petitioner asserts that Respondent violated his constitutional rights and the Bureau of Prisons' policy statement by failing to maintain a copy of the U.S. Parole Commission Manual in the law library at FCI Fort Dix.  Petitioner alleges that, because he had no access to the Parole Commission Manual, in October 2006 he was procedurally barred from appealing a set-off issued by the Parole Commission.  Petitioner seeks a Writ of Habeas Corpus for unspecified relief.

## II.   DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994). The Habeas Rules require a habeas petition to specify all the grounds for relief, state the facts supporting each ground, state the relief requested, and be signed under penalty of perjury. See 28 U.S.C. § 2254 Rule 2(c), applicable to § 2241 petitions through Habeas Rule 1(b).

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); 28 U.S.C. § 2243. Habeas Rule 4 requires the Court to examine a petition prior to ordering an answer and to summarily dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  See 28 U.S.C. § 2254 Rule 4, applicable to § 2241 petitions through Habeas Rule 1(b).

B.  Jurisdiction

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

Federal law provides two avenues of relief to prisoners:  a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . [and] requests for relief turning on circumstances of confinement may be presented in a § 1983 [or Bivens] action."  Id.  The United States Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights and habeas relief as follows:

> [W]henever the challenge ultimately attacks
> the "core of habeas" - the validity of the
> continued conviction or the fact or length of
> the sentence - a challenge, however
> denominated and regardless of the relief
> sought, must be brought by way of a habeas
> corpus petition.  Conversely, when the
> challenge is to a condition of confinement
> such that a finding in plaintiff's favor
> would not alter his sentence or undo his
> conviction, an action under § 1983 is
> appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

In this Petition, Petitioner challenges the failure of the prison law library to maintain a copy of the U.S. Parole Commission Manual as unconstitutional and in violation of BOP policy statement.  The problem with the Petition is that, even if this Court were to determine that the BOP improperly failed to maintain a copy of the manual, Petitioner would not be entitled to a writ of habeas corpus because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody."  See Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).  Because a judgment in Petitioner's favor in this action would not affect the fact or duration of Petitioner's confinement, habeas relief is unavailable and a civil complaint is the appropriate form of remedy.  See Zapata v. United States, 264 Fed. Appx. 242 (3d Cir. 2008) (District Court lacks jurisdiction under § 2241 to

4

entertain inmate's challenge to prison transfer); <u>Ganim v. Federal Bureau of Prisons</u>, 2007 WL 1539942 (3d Cir. May 29, 2007) (same); <u>Bronson v. Demming</u>, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002) (habeas relief was unavailable to inmate seeking release from disciplinary segregation to general population, and district court properly dismissed habeas petition without prejudice to any right to assert claims in properly filed civil complaint).[1]  The Court will therefore dismiss the Petition without prejudice to any right Petitioner may have to assert his claim in a properly filed  complaint, pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).[2]  <u>Id.</u>

---

[1] This Court makes no finding regarding the merits of Petitioner's claim.

[2] The filing fee for a habeas petition is $5.00, and inmates filing a habeas petition who are granted <u>in</u> <u>forma</u> <u>pauperis</u> status do not have to pay the filing fee.  <u>See</u> <u>Santana v. United States</u>, 98 F. 3d 752 (3d Cir. 1996) (filing fee payment requirements of Prison Litigation Reform Act do not apply to <u>in</u> <u>forma</u> <u>pauperis</u> habeas corpus petitions and appeals).  In contrast, the filing fee of a civil complaint is $350.00.  Inmates filing a <u>Bivens</u> action who proceed <u>in</u> <u>forma</u> <u>pauperis</u> are required to pay the entire filing fee in monthly installments, which are deducted from the prison account.  <u>See</u> 29 U.S.C. § 1915(b).  In addition, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action <u>in</u> <u>forma</u> <u>pauperis</u> unless he or she is in imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).  Because of these differences, this Court will not <u>sua</u> <u>sponte</u> recharacterize the pleading as a civil rights complaint.

5

### III.   CONCLUSION

Based on the foregoing, the Court dismisses the Petition without prejudice to any right Petitioner may have to assert his claims in a properly filed civil complaint.


                              S/Robert B. Kugler
                              **ROBERT B. KUGLER, U.S.D.J.**


Dated:   February 13      , 2009

6